**UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| PAMELA TAYLOR,<br>        Plaintiff<br><br>    v.<br><br>UNITED STATES OF AMERICA,<br>        Defendant. | Civil No. 12-894 (AK) |

**MEMORANDUM OPINION**

Plaintiff Pamela Taylor ("Ms. Taylor" or "Plaintiff") and Defendant United States of America ("Defendant") have consented to proceeded before the undersigned for all purposes including trial. (*See* Order of Reference [16]). Currently before the Court is Defendant's Motion for Partial Summary Judgment [20] ("Motion"). Plaintiff submitted an Opposition to Defendant's Motion [23] ("Opposition"), and Defendant submitted a Reply to Plaintiff's Opposition [25] ("Reply"). For the following reasons, Defendant's Motion will be GRANTED in part and DENIED in part.

**I.    Background**

For the purpose of evaluating a motion for summary judgment, the court is required to draw all justifiable inferences in the non-moving party's favor and to accept the non-moving party's evidence as true. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986). This case arises out of an incident on March 17, 2010, at the Superior Court of the District of Columbia ("Superior Court"). Plaintiff appeared before the Superior Court for a proceeding during which she was ordered by the court to be detained at the District of Columbia Detention Facility ("D.C. Jail"). (Compl. at ¶ 9). Pending her transport to the D.C. Jail, Plaintiff was detained in a holding cell at the Superior Court in the custody of the United States Marshals Service. (Compl. at ¶ 10).

Plaintiff was speaking with other inmates. (Motion Exh. 3 (Taylor Tr.) at 40:4-41:8). Eric Clark ("Officer Clark"), a Supervisory Detention Enforcement Officer with the United States Marshals service in the Superior Court, told Plaintiff to stop talking, to which Plaintiff responded "All right, you got that." (Compl. at ¶ 11, Taylor Tr. at 41:9-41:15). Subsequently, Officer Clark grabbed Plaintiff and "slammed" her to the ground. (Compl. at ¶ 12, Taylor Tr. at 41:16-41:24). Plaintiff testified that Officer Clark performed this action without warning. (Taylor Tr. at 42:5-42:6).

Plaintiff was taken to George Washington University Hospital and diagnosed with a fractured nose, a lip laceration, a fractured tooth, and a facial contusion. (Opposition Exh. 1 (Medical Records) at 1, 6). Plaintiff has not received medical treatment for any emotional issues associated with the incident, though she has "thought about" seeking treatment. (Taylor Tr. at 74:16-74:20).

In her Complaint, Plaintiff made 5 claims under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 1346(b) and 2671, *et seq.,* including: (1) Assault and Battery; (2) Intentional Infliction of Emotional Distress ("IIED"); (3) Negligence; (4) Gross Negligence; and (5) Excessive Force Prohibited Under the Fourth Amendment. (Compl. at ¶ 21). United States District Judge Ellen S. Huvelle held a status hearing in which she indicated that Plaintiff's negligence claim was unlikely to survive. (*See* Motion Exh. 2 (Status Hearing Tr.) at 6:12-6:16). Judge Huvelle ordered that Plaintiff's negligence claim was withdrawn and Plaintiff's Fourth Amendment claim was dismissed. (Order [14]). Thereafter, the parties consented to proceed before the undersigned for all purposes including trial. (*See* Order of Reference [16]). During a telephonic hearing with the undersigned, Plaintiff declined to withdraw her claim for gross negligence. (Motion at 2). Defendant is moving for partial summary judgment on the claims of

gross negligence and intentional infliction of emotional distress. (*Id.*) Defendant admits there is a genuine dispute of material fact regarding Plaintiff's claim for assault and battery and therefore is not moving for summary judgment on that issue, leaving it for trial. (*Id.* at 2-3).

## II.    Standard of Review

Under Federal Rule of Civil Procedure 56(a), summary judgment shall be granted if the movant shows that there is "no genuine issue as to any material fact and the moving party is entitled to a judgment as a matter of law." *Anderson v. Liberty Lobby, Inc*., 477 U.S. 242, 247 (1986). Summary judgment should be granted against a party "who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett,* 477 U.S. 317, 322 (1986).

The plaintiff bears the burden of supporting her allegations with competent evidence. *Brown v. Mills,* 674 F.Supp.2d 182, 188 (D.D.C. 2009). Where a plaintiff will bear the burden of proof at trial, she bears the burden of production to designate specific facts showing there is a genuine dispute requiring trial. *See Ricci v. DeStefano,* 557 U.S. 557, 586 (2009) (citing *Celotex*, 477 U.S. at 324).

The non-moving party must establish more than "the mere existence of a scintilla of evidence" in support of its position. *Id.* at 252. The purpose of summary judgment is to separate the wheat from the chaff, and to hold a trial only on those claims sufficiently in dispute. *See Greene v. Dalton*, 164 F.3d 671, 675 (D.C. Cir. 1999). As a result, the Court may not accept conclusory allegations for the purpose of surviving a summary judgment motion. *Id.* Bare factual allegations, without meaningful factual support in the record, may allow a plaintiff to survive a motion to dismiss for failure to state a case, but will not allow that same plaintiff to survive a

motion for summary judgment. *Mason v. Geithner*, 811 F. Supp. 2d 128, 211 (D.D.C. 2011) *aff'd,* 492 F. App'x 122 (D.C. Cir. 2012).

### III.    <u>Analysis</u>

#### A.  Gross Negligence

In tort claims brought under the FTCA, the law of the place of the act or omission giving rise to the tort governs. 28 U.S.C.A. § 1346(b)(1). In the instant case, the act occurred in the District of Columbia and therefore D.C. law applies. Looking to D.C. law, Defendant argues that D.C. courts have refused to recognize gross negligence as a separate basis for liability from ordinary negligence. (Motion at 5-6). Thus, according to Defendant, Plaintiff should not be able to state a separate claim for gross negligence after she has already withdrawn her claim for ordinary negligence. (Motion at 6). Plaintiff does not address this argument in its Opposition, but instead responds only to other arguments advanced by Defendant[1]. (Opposition at 4-7).

The District of Columbia does not recognize a tort action for gross negligence that is distinct from the tort of ordinary negligence. *See Hernandez v. D.C.,* 845 F.Supp.2d 112, 115 ("As a general rule, however '[t]he law of the District of Columbia does not recognize degrees of negligence.'" (quoting *Warner v. Capital Transit Co.,* 162 F.Supp. 253, 256 (D.D.C.1958) (citing *Atchison v. Wills,* 21 App. D.C. 548, 561 (D.C.Cir.1903)))[2]; *Early Settlers Insurance Co. v. Schweid*, 221 A.2d 920, 923 (D.C.App.1966) (applying the rule established in *Warner* as D.C. law in the highest D.C. state court).

---

[1] Defendant also makes a detailed argument regarding Plaintiff's lack of an expert to establish the standard of care for a law enforcement officer. Because the Court finds that Plaintiff does not have a claim in gross negligence at all, the Court will not address this argument.

[2] D.C. state courts are the primary authority on D.C. law, however, the Court has cited a federal case here that relies on older federal cases because D.C. federal courts had, prior to The District of Columbia Court Reform and Criminal Procedure Act of 1970, both federal and local jurisdiction. *See* Title I of the District of Columbia Court Reform and Criminal Procedure Act of 1970, 84 Stat. 473 (1970). *See also Palmore v. United States* 411 U.S. 389, 393 n.2 (1973) ("Thus, the District Court was filling the role of both a local and federal court."). *Hernandez* is thus an example of a federal court applying D.C. law, even though the source of that law is federal court opinions.

4

Although the term gross negligence does appear in D.C. case law, it does not appear as a distinct tort claim. As Defendant notes, there are two main categories of cases in which the D.C. courts have considered the question of whether a Defendant has acted in gross negligence. The first involves cases where gross negligence is an element of a statutory claim or defense.[3] *See, e.g.*, *Dickson v. D.C.*, 938 A.2d 688 (D.C. 2007); *Duggan v. D.C.*, 884 A.2d 661 (D.C. 2005); *D.C. v. Hawkins*, 782 A.2d 293 (D.C. 2001); *D.C. v. Henderson*, 7 10 A.2d 874 (D.C. 1998); *D.C. v. Walker*, 689 A.2d 40 (D.C.1997). The second involves cases where contracting parties have agreed to a clause waiving or limiting liability for one of the parties. Courts in this scenario have held parties liable based on a theory of gross negligence, even though liability would be waived for ordinary negligence. *See, e.g.*, *Moore v. Waller*, 930 A.2d 176 (D.C. 2007); *Carleton v. Winter*, 901 A.2d 174 (D.C. 2006); *Berenstein v. Noble*, 487 A.2d 231 (D.C. 1985). Gross negligence in this case does not function as a distinct basis for liability, but rather as a factor to consider in whether to uphold a waiver of liability clause.

The instant case does not fall under either of the above two categories. Gross negligence is not being asserted as an element of a statutory claim and this is not a breach of contract case involving a waiver of liability. As the D.C. courts do not otherwise recognize gross negligence as a distinct tort action, neither should this Court, in applying D.C. law. Thus, Plaintiff has not made "a showing sufficient to establish the existence of an element essential to that party's case," *Celotex,* 477 U.S. at 322, because she does not allege a valid tort claim whose elements she seeks to prove. Regardless of any facts presented by Plaintiff in her opposition, she cannot meet her burden of production on summary judgment without a valid claim.

---

[3] For example, many of the cases analyzing gross negligence involve D.C. Code § 2-412, which stipulates that "[I]n the case of a claim arising out of the operation of an emergency vehicle on an emergency run the District shall be liable only for gross negligence."

## B. Intentional Infliction of Emotional Distress

The controlling tort law is that of the District of Columbia. Intentional infliction of emotional distress in this jurisdiction is comprised of three elements: (1) the defendant engages in extreme and outrageous conduct; (2) the plaintiff suffers emotional distress that is severe; and (3) the defendant's conduct intentionally or recklessly causes the emotional distress in the plaintiff. *Elhusseini v. Compass Grp. USA, Inc.*, 578 F. Supp. 2d 6, 23 (D.D.C. 2008) (citing *Darrow v. Dillingham & Murphy, LLP*, 902 A.2d 135, 139 (D.C. 2006); *Joyner v. Sibley Memorial Hosp.*, 826 A.2d 362, 373 (D.C. 2003)). The action must be so extreme and outrageous "as to go beyond all possible bounds of decency." *Darrow*, 902 A.2d at 139 (internal quotation marks omitted) (citing *Jackson v. District of Columbia*, 412 A.2d 948, 957 (D.C. 1980)). The element of intent or recklessness may be inferred from the outrageousness of the acts. *Howard Univ. v. Best*, 484 A.2d 958, 985 (D.C. 1984) (citing *Sere v. Grp. Hospitalization, Inc.*, 443 A.2d 33, 37 (D.C. 1982); *Anderson v. Prease*, 445 A.2d 612, 613 (D.C. 1982)). This tort does not require proof of physical injury. *Id.* (citing *Waldon v. Covington*, 415 A.2d 1070, 1076 (D.C. 1980).

In this case, Plaintiff bears the burden of production. Plaintiff alleged in the Complaint that, "Defendant's employees conduct was intentional, reckless, and in deliberate disregard of a high probability that emotional distress would result to Plaintiff," Compl. at ¶ 15 [1]; and that "The aforesaid conduct by Defendant's employees was extreme and outrageous and beyond the bounds of decency in society [and was] malicious, willful, and intentional," *id.* at ¶ 16; and that "As a direct and proximate result of Defendant Clark's conduct, Ms. Taylor…has suffered and will continue to suffer, severe and extreme emotional distress," *id.* at 19; and that "As a result of

the Defendant's employees [sic] conduct and actions, Ms. Taylor… has suffered and will continue to suffer sever [sic] emotional anguish," *id.* at ¶ 22.

As to the evidence attached to the Opposition, this consists of medical records, Opp. Attach. [23-1], Deposition of Plaintiff [23-2], Department of Justice Prisoner Custody Alert Notice [23-3], United States Marshals Service Field Reports [23-4 and 23-5], Deposition Transcript of Eric Clark [23-6], and United States Marshals Service Policy Directives [23-7].[4] The only fact relating to the emotional distress claimed in the complaint within these documents is Plaintiff's statement in her deposition that, while she did not receive medical treatment for emotional distress, she "thought about it." (Taylor Tr. at 74:16-74:20).

Courts are given discretion to either grant or deny summary judgment when there is no issue of genuine material fact. Federal Rule of Civil Procedure 56 advisory committee notes; *see also* 10A C. Wright, A. Miller & M. Kane, *Federal Practice and Procedure* § 2728 (3d ed.). Denying summary judgment is appropriate when there is reason to believe that the better course is to proceed to a full trial. *Lind v. United Parcel Serv.*, Inc., 254 F.3d 1281, 1285 (11th Cir. 2001).

Although the record is diaphanous on this issue, the Court will review the evidence of Plaintiff's claim of intentional infliction of emotional distress at the close of Plaintiff's case-in-chief and thus will deny summary judgment on the intentional infliction of emotional distress claim.

---

[4] Some of these documents, including the transcripts, appear to be excerpts rather than the complete documents.

## **CONCLUSION**

For the foregoing reasons, Defendants' Motion for Summary Judgment will be

GRANTED in part and DENIED in part. A separate order will accompany this memorandum

opinion.

Dated: 6/23/2014                  _____/s/_____

                                                        ALAN KAY

                                                        UNITED STATES MAGISTRATE JUDGE